IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIMBERLY BRADEN, | ) |
| | ) |
| Plaintiff, | ) No. 3:16-cv-01933-TC |
| | ) |
| v. | ) ORDER |
| | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and SSI disability benefits.

Plaintiff was 34 years old at the time of the alleged onset of disability. She had at least a high school education having obtained a general equivalency diploma. Plaintiff asserted disability based on the alleged impairments of: "scoliosis, degeneration of lumbar, anxiety, intervertebral disc, and lumbago."

1 - ORDER

Tr. 258.

The ALJ found that plaintiff did not have past relevant work at step four. At step five, the ALJ found that plaintiff was not disabled because she could perform a significant number of jobs existing in the national economy in representative occupations such as small product assembly, room cleaner, and laundry aid worker.

Plaintiff, who was represented at the administrative hearing and is represented here, contends that the ALJ erred two ways: in the assessment of evidence from a nurse practitioner; and in the assessment of plaintiff's statements.

I.  Assessing the Evidence of the Nurse Practitioner

Plaintiff focuses on the evidence from Family Nurse Practitioner (FNP) Danielle Blackwell. The parties agree Ms. Blackwell is considered a "non-acceptable medical source" and an "other source" under the pertinent SSRs and that the ALJ must provide germane reasons in the opinion for the ALJ's assignment of "little weight" to Ms. Blackwell's opinion.

The ALJ sufficiently considered Ms. Blackwell's opinion and adequately provided germane reasons for assigning little weight to her opinion. The ALJ noted Ms. Blackwell was not an acceptable medical source under the SSRs, her opinion was inconsistent with medical evidence of record, including claimant's own reporting of her pain level as of 2013, her strength, range of motion and gait

upon examination by Dr. Griffin in 2014, and the opinions of two State agency medical consultants, both M.D.s.

Although plaintiff is correct that non-acceptable medical source opinions should not be discounted merely becasue they are considered "non-acceptable" and can in some instances be assigned great weight depending on six factors, plaintiff does not indicate how those factors are applicable here, or demonstrate that the ALJ had to expressly address those factors in the circumstances of this case. Moreover, as set forth above, the ALJ also provided several reasons for the handling of this evidence that went beyond the "non-acceptable" status. Defendant demonstrates that these reasons are supported by substantial evidence in the record and are germane and that the denial of benefits was appropriate. Plaintiff does not persuasively indicate otherwise.

II. Assessing Plaintiff's Statements

Contrary to plaintiff's arguments, the ALJ adequately provided clear and convincing reasons for rejecting plaintiff's statements that were specific and based on substantial evidence.

The ALJ wrote:

After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons stated in this decision.

3 - ORDER

Tr. 16. The ALJ was more specific later in the opinion:

> In comparing the claimant's allegations with the record, I find it credible that the claimant's spine disorder causes her pain that limits her abilities to do certain activities. In addition, I find it credible that the claimant's depression, anxiety, written expression disorder, and reading disorder, affect her functioning, socially and in terms of concentration, persistence and pace. However, I find the degree of limitation alleged by claimant is less than fully credible based upon the record evidence and the claimant's own statements regarding her activities of daily living.

Tr. 10 (citations omitted).

The ALJ identified claimant's statements and parts of the medical record when the ALJ wrote:

> For example, the claimant stated it was difficult for her to stand and walk. However, at a June 2014 examination conducted by Dr. Griffin, the claimant exhibited normal reflexes, normal strength and sensation, normal gait and balance, and was able to walk heel to toe, squat, and hop on one foot.

Tr. 22 (citations omitted).[1] Plaintiff argues error, but "[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." See Rollings v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); See also SSR 96-7p. The ALJ properly considered the objective evidence as

---

[1] Plaintiff argues that the ALJ's discussion of standing and walking and the support thereof are erroneous. See p.p. 9 of Plaintiff's Brief. However, as defendant demonstrates, this is largely a semantical argument and is not persuasive. See ftnt 3 of Defendant's Brief at p. 12 and Tr. 283.

4 - ORDER

a factor, but not the sole factor, in finding plaintiff's subjective complaints not entirely credible and did not reject plaintiff's subjective complaints solely on that basis.

The ALJ repeatedly stated that the findings were made "[a]fter careful consideration of the entire record", Tr. 11, 16, and, as shown above and below, added more explanation.[2] As to plaintiff's activities of daily living, the ALJ wrote:

> In terms of activities of daily living, the claimant stated that, with assistance from her parents, she takes care of her two children by preparing their meals and helping them with schoolwork. The claimant stated that she can take care of her own hygiene (though she has trouble reaching her arms above her head), prepare meals (including sandwiches and boxed dinners), and perform household chores, including laundry, dishes, sweeping and mopping the floor on a weekly basis. The claimant also stated that she could operate a motor vehicle and shop for food and clothing (as needed) each week.

Tr. 16 (citations omitted).

As to mood and anxiety, the ALJ noted that "[w]hile the claimant stated that she experiences anxiety in social settings, the record indicates that as of November 2012, she was actively dating and as of January 2014, she was having only occasional panic

---

[2]Although some of the evidence is arguably susceptible to more than one rationale interpretation, upon review in such a situation the court generally does not make its own credibility determination does not retry the ALJ's credibility determination and factual findings. See Moncada v. Chater, 60 F.3d 521, 524-525 (9th Cir. 1995); Burch v. Barnhart, 400 F.3d 676, 680 -681 (9th Cir. 2005).

5 - ORDER

attacks when she was around many people or when she anticipated being judged by others." Tr. 22 (citation omitted). In assessing claimant's credibility, the ALJ may consider whether she engages in daily activities inconsistent with the alleged symptoms, and how she interacts with others. See , Molina v. Astrue, 674 F.3d 1104, 1112-1113 (9th Cir. 2010); Turner v. Commissioner of Soc. Sec. Admin., 613 F.3d 1217, 1224-1225 (9th Cir. 2010).

The ALJ also noted contradiction with the medical record:

> Furthermore, I took into consideration Dr. Bates-Smith's note that, according to the claimant, her prescription for Lexapro did little to help her mood and anxiety, yet a review of her medical records reveals that the claimant's medications were controlling her panic attacks, and that Lexapro had "considerably reduced' her depression.

Tr. 22. (Citation omitted).

The ALJ adequately provided clear and convincing reasons for rejecting plaintiff's statements that were specific and based on substantial evidence.

## CONCLUSION

The decision of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. §405(g) and this action is dismissed.

DATED this __18__ day of January, 2018.

_____
THOMAS M. COFFIN
United States Magistrate Judge

7 - ORDER